**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Dallas GUTHRIE, Defendant-Appellant.**

**No. 16190.**

United States Court of Appeals
Seventh Circuit.

Nov. 9, 1967.

Rehearing Denied Dec. 22, 1967.

Charles R. LeMaster, Campbell & Le-Master, Fort Wayne, Ind., for defendant-appellant.

Alfred W. Moellering, U. S. Atty., Fort Wayne, Ind., for plaintiff-appellee.

Before HASTINGS, Chief Judge and KILEY and FAIRCHILD, Circuit Judges.

KILEY, Circuit Judge.

This is an appeal from a conviction, after a jury trial, under an indictment charging defendant, Dallas Guthrie, with violation of 26 U.S.C. Sec. 7212(a) [1] in

---

1. § 7212. Attempts to interfere with administration of internal revenue laws

    (a) Corrupt or forcible interference.—Whoever * * * by force or threats of force * * * endeavors to intimidate or impede any officer or employee of the United States acting in an official capacity under this title, or * * * obstructs or impedes, or endeavors to

impeding an Internal Revenue officer by force from performing his duty; and with violation of 18 U.S.C. Sec. 111[2] in resisting and assaulting an Internal Revenue officer in the performance of his duty. The district court, upon the guilty verdict, sentenced Guthrie to two years imprisonment on each count, the sentences to be served concurrently, with six months in confinement and one and one-half years on probation. We affirm.

■ In discussing Guthrie's challenge to the sufficiency of the evidence, we must take the evidence most favorably for the government.

Guthrie's income tax returns had been under investigation by the Internal Revenue Service when, during a visit with his accountant on October 28, 1966, he made threats that he might shoot any government agents who approached him in connection with the investigation. The accountant telephoned the Service about the threats and about seeing a gun in Guthrie's truck. An investigation was begun to determine the seriousness of the threats, and in the course of this investigation the accountant wrote a letter, at the request of the Service, which detailed the threats.

On November 10, as a part of the investigation, two special agents, acting on the basis of the information from the accountant, observed a gun in Guthrie's truck. Two other agents stopped Guthrie on the street to question him. They showed him their credentials, and as he was being informed of his constitutional rights he told the agents he did not have to, and would not, talk to them and that he was going home. He struck one of the officers and walked toward his truck. The other officer then informed him he was under arrest, but Guthrie refused to stop. A struggle ensued, during which Guthrie was struck by a pair of handcuffs and his skull was fractured.

■■ Guthrie claims that the arrest that followed his original confrontation with the agents was illegal because the agents had no warrant. There is no merit in this claim because the assault by Guthrie was committed in the presence of the agents as he started for his truck. No warrant was needed under these circumstances. 26 U.S.C. Sec. 7608(b) (2) (B). The government's evidence, which we must accept as true, does not support Guthrie's argument that he was not arrested for assault but only for "further interrogation." An agent testified that when his fellow agent was struck he told Guthrie he was under arrest "for assaulting a federal officer." The testimony of the agents is ample to justify the jury's finding that Guthrie resisted the lawful arrest which took place after he had assaulted one of the agents. It follows that the testimony amply supports the charges in the indictment.

■ There is no merit in the contention that the trial court's failure to submit the question of the existence of probable cause for the arrest to the jury, although neither party suggested he do so, was "plain error." Rule 52(b) Fed.R.Crim.P. We think the evidence for the government is so convincing that defense counsel's suggestion of an "oversight" in failing to request the probable cause instruction cannot be taken seriously.

■ Guthrie's further contention that it was prejudicial error to allow the introduction of the letter written by the

---

obstruct or impede, the due administration of this title, shall, upon conviction thereof, be fined not more than $5,000, or imprisoned not more than 3 years, or both, * * *

2. § 111. Assaulting, resisting, or impeding certain officers or employees
   Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both.
   *     *     *     *     *

accountant into evidence is also without merit. We think the introduction of the letter, if error, was harmless. Rule 52(a) Fed.R.Crim.P. The letter substantially confirmed the accountant's oral testimony about the threats, and to that extent gave it emphasis. The letter also referred to Guthrie's statement to the accountant about "not paying" taxes to the government. But this, even to the extent it implied that Guthrie had committed a crime for which he was not being tried, could have no substantial effect on the fairness of the trial. There was, when the letter was introduced, already evidence, to which Guthrie did not object, of a conference which took place in the accountant's office between Guthrie and some Internal Revenue agents on the subject of Guthrie's "back taxes." Upon objection of Guthrie's counsel to the letter, the court, properly, instructed the jury that "We are not talking about any tax liability, civil or criminal."

The judgment is affirmed.